UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **YETI Coolers, LLC,** | Case No. |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| **v.** | |
| | **(1) TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;** |
| **Zhejiang Zhuosheng Industry & Trade Co., Ltd., d/b/a Wuyi Zhuosheng Household Metal Products Co. Ltd., d/b/a Yongkang Zhuosheng Metal Products Co., Ltd., d/b/a Zhejiang Zhuosheng Co., Ltd.,** | **(2) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| | **(3) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| **Defendants.** | **(4) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);** |
| | **(5) COMMON LAW TRADE DRESS INFRINGEMENT;** |
| | **(6) COMMON LAW UNFAIR COMPETITION;** |
| | **(7) COMMON LAW MISAPPROPRIATION; AND** |
| | **(8) UNJUST ENRICHMENT.** |
| | **Jury Trial Demanded** |

**COMPLAINT**

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Zhejiang Zhuosheng Industry & Trade Co., Ltd. ("Zhuosheng"), alleges as follows:

## The Parties

1.     YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.

2.     Upon information and belief, Zhejiang Zhuosheng Industry & Trade Co., Ltd. is a corporation organized under the laws of China with a principal place of business at Hengyi Road of Southeast Industrial Park, Shuxi Street, Wuyi City, Zhejiang, China 321200, that does business under the names Wuyi Zhuosheng Household Metal Products Co. Ltd. ("Zhuosheng Household"), Yongkang Zhuosheng Metal Products Co., Ltd. ("Zhuosheng Metal"), and Zhejiang Zhuosheng Co., Ltd. ("Zhuosheng Co."), including through a factory located at Daxu Industrial Park, Xicheng, Yongkang, Zhejiang Province, 321300.

## Jurisdiction and Venue

3.     This is an action for trade dress dilution, trade dress infringement, unfair competition and false designation of origin, misappropriation, and unjust enrichment.  This action arises under the Texas Business & Commerce Code, the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* ("the Lanham Act"), federal common law, and state common law, including the law of Texas.

4.     This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.     This Court has personal jurisdiction over Zhuosheng because, *inter alia*, Zhuosheng is doing business in the State of Texas, including in this District.  For example, on information and belief, (i) Zhuosheng has sent infringing products for importation to customers in the State of Texas, (ii) Zhuosheng's tortious acts giving rise to this lawsuit are occurring in the State of Texas, (iii) Zhuosheng's customers and/or potential customers reside in the State of Texas, including in this District, and (iv) Zhuosheng benefits financially from the Texas market, including, for example, through sales of infringing products manufactured by Zhuosheng that ultimately occur in Texas, including in this District.  Further, on information and belief,

Zhuosheng has sold infringing products for distribution throughout the United States, including Texas and this District, and has delivered infringing products into the stream of commerce with the expectation that they would be purchased by consumers in Texas, including in this District. Alternatively, on information and belief, this Court may exercise personal jurisdiction over Zhuosheng under Federal Rule of Civil Procedure 4(k)(2).

6.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

**General Allegations – YETI's Business and Intellectual Property**

7.      For many years, YETI has continuously engaged in the development, manufacture, and sale of premium, heavy-duty insulated drinkware.  YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.  YETI has extensively and continuously promoted and used these designs for years in the United States and in Texas.  Through that extensive and continuous use, YETI's designs have become well-known indicators of the origin and quality of YETI's insulated drinkware products.  YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns trade dress rights relating to the source identifying features of its insulated drinkware designs.

8.      Specifically, YETI sells an insulated drinkware product, the "YETI 30 oz. Rambler™ Tumbler," hereinafter referred to as "the Rambler™ Tumbler."  YETI has invested substantially in the design, development, manufacture, and marketing of the Rambler™ Tumbler.

9.      YETI has enjoyed significant sales of the Rambler™ Tumbler throughout the United States, including sales to customers in the state of Texas.  YETI has expended significant resources advertising and marketing the Rambler™ Tumbler.

10.      The Rambler™ Tumbler design also has distinctive and non-functional features that identify to consumers that the origin of the Rambler™ Tumbler is YETI.  As a result of at least YETI's continuous and exclusive use of the Rambler™ Tumbler design, YETI's marketing, advertising and sales of the Rambler™ Tumbler, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the design and

3

appearance of the Rambler™ Tumbler, which consumers have come to uniquely associate with YETI.

11.    Illustration 1 below shows an exemplary image of a YETI 30 oz. Rambler™ Tumbler sold by YETI.

| Illustration 1:  Exemplary Image of a YETI 30 oz. Rambler™ Tumbler. |
|---|
|  |

12.    YETI has trade dress rights in the overall look and appearance of the YETI 30 oz. Rambler™ Tumbler, including, but not limited to, the visual flow of the YETI 30 oz. Rambler™ Tumbler; the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the design, style, and appearance of these curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the visual connection and relationship between the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the style, design, and appearance of design aspects of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the upper portion, mid portion, and bottom

4

portion of the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 30 oz. Rambler™ Tumbler and the tumbler lid on the YETI 30 oz. Rambler™ Tumbler; and the overall look and appearance of the tumbler and the tumbler with the tumbler lid that YETI uses in connection with the YETI 30 oz. Rambler™ Tumbler.

13.   As a result of YETI's exclusive, continuous and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate them as source identifiers of YETI.

### General Allegations – Zhuosheng's Unlawful Activities

14.   Zhuosheng has purposefully advertised, promoted, offered for sale, sold, and distributed, and continues to advertise, promote, offer for sale, sell, and distribute tumblers that violate YETI's rights, including the rights protected by YETI's trade dress.  Zhuosheng is also making such infringing product and/or importing such infringing product into the United States. Zhuosheng's infringing product is a confusingly similar imitation of YETI's product. Zhuosheng's actions have all been without the authorization of YETI.

15.   Illustration 2 below shows an example of Zhuosheng's infringing product.

| Illustration 2:  Exemplary Image of Zhuosheng's 30 oz. Infringing Product. |
| --- |



16.     As a result of Zhuosheng's activities related to the infringing product, there is a strong likelihood of confusion between Zhuosheng and its product on the one hand, and YETI and its product on the other hand.

17.     YETI used its trade dress extensively and continuously before Zhuosheng began advertising, promoting, selling, offering to sell, or distributing its infringing product.  Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Zhuosheng commenced unlawful use of YETI's trade dress.

18.     As discussed above and as set forth in the counts below, Zhuosheng's actions are unfair and unlawful.

**Count I:**
**Trade Dress Dilution under Tex. Bus. & Com. Code § 16.103**

19.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 18 as though fully set forth herein.

20.     Zhuosheng's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing product violate § 16.103 of the Texas Business & Commerce Code.

21.     YETI's trade dress is entitled to protection under Texas law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become famous and a well-known indicator of the origin and quality of YETI's insulated drinkware products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's insulated drinkware products.  YETI's trade dress also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Zhuosheng commenced its unlawful use of YETI's trade dress in connection with the infringing product.

22.     Zhuosheng's use of YETI's trade dress and colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's insulated drinkware products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

23.     Zhuosheng's use of YETI's trade dress, and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

24.     On information and belief, Zhuosheng's use of YETI's trade dress has been intentional, willful, and malicious.  Zhuosheng's bad faith is evidenced at least by the similarity of the infringing product to YETI's trade dress, as demonstrated in, for example, Illustrations 1-2 above, and by Zhuosheng's continuing disregard for YETI's rights.

25.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Zhuosheng's profits, actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

### Count II:
### Trade Dress Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

26.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 25 as though fully set forth herein.

27.     Zhuosheng's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing product violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's trade dress.  Zhuosheng's use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Zhuosheng with YETI and as to the origin, sponsorship, and/or approval of the infringing product, at least by creating the false and misleading impression that the infringing product is manufactured by, authorized by, or otherwise associated with YETI.

28.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Zhuosheng commenced its unlawful use of YETI's trade dress in connection with the infringing product.

29.     Zhuosheng's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

30.     On information and belief, Zhuosheng's use of YETI's trade dress has been intentional, willful, and malicious.  Zhuosheng's bad faith is evidenced at least by the similarity of the infringing product to YETI's trade dress, as demonstrated in, for example, Illustrations 1-2 above, and by Zhuosheng's continuing disregard for YETI's rights.

31.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Zhuosheng's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count III:
### Unfair Competition and False Designation of Origin Under § 43(a)
### of the Lanham Act, 15 U.S.C. § 1125(a)

32.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 31 as though fully set forth herein.

33.     Zhuosheng's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing product, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Zhuosheng has obtained an unfair advantage as compared to YETI through Zhuosheng's use of YETI's trade dress and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing product, at least by creating the false and misleading impression that the infringing product is manufactured by, authorized by, or otherwise associated with YETI.

34.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.   YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary

meaning before Zhuosheng commenced its unlawful use of YETI's trade dress in connection with the infringing product.

35.    30.    Zhuosheng's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

36.    On information and belief, Zhuosheng's use of YETI's trade dress has been intentional, willful, and malicious.  Zhuosheng's bad faith is evidenced at least by the similarity of the infringing product to YETI's trade dress, as demonstrated in, for example, Illustrations 1-2 above, and by Zhuosheng's continuing disregard for YETI's rights.

37.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Zhuosheng's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count IV:**
**Trade Dress Dilution Under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

38.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 37 as though fully set forth herein.

39.    Zhuosheng's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing product violate § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

40.    YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's insulated drinkware products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's insulated drinkware products.  YETI's trade

dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Zhuosheng commenced its unlawful use of YETI's trade dress in connection with the infringing product.

41.    Zhuosheng's use of YETI's trade dress is likely to cause, and has caused, dilution of YETI's famous trade dress, at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's insulated drinkware products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's insulated drinkware products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

42.    Zhuosheng's use of YETI's trade dress has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

43.    On information and belief, Zhuosheng's use of YETI's trade dress has been intentional, willful, and malicious.  Zhuosheng's bad faith is evidenced at least by the similarity of the infringing product to YETI's trade dress, as demonstrated in, for example, Illustrations 1-2 above, and by Zhuosheng's continuing disregard for YETI's rights.

44.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Zhuosheng's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count V:**
**Common Law Trade Dress Infringement**

45.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 44 as though fully set forth herein.

46.    Zhuosheng's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing product, in direct competition with YETI, constitute common law trade dress infringement, at least because Zhuosheng's use of YETI's trade dress and/or colorable imitations

thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing product, at least by creating the false and misleading impression that the infringing product is manufactured by, authorized by, or otherwise associated with YETI.

47.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Zhuosheng commenced its unlawful use of YETI's trade dress in connection with the infringing product.

48.     Zhuosheng's use of YETI's trade dress, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

49.     On information and belief, Zhuosheng's use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Zhuosheng's bad faith is evidenced at least by the similarity of the infringing product to YETI's trade dress, as demonstrated in, for example, Illustrations 1-2 above, and by Zhuosheng's continuing disregard for YETI's rights.

50.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Zhuosheng's profits, punitive damages, costs, and reasonable attorney fees.

**Count VI:**
**Common Law Unfair Competition**

51.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 50 as though fully set forth herein.

52.     Zhuosheng's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing product, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Zhuosheng's goods, by simulating YETI's trade dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the infringing product, at least by creating the false and misleading impression that the infringing product is manufactured by, authorized by, or otherwise associated with YETI.  Zhuosheng has also interfered with YETI's business.

53.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Zhuosheng commenced its unlawful use of YETI's trade dress in connection with the infringing product.

54.     Zhuosheng's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

55.     On information and belief, Zhuosheng's use of YETI's trade dress has been intentional, willful, and malicious.  Zhuosheng's bad faith is evidenced at least by the similarity of the infringing product to YETI's trade dress, as demonstrated in, for example, Illustrations 1-2 above, and by Zhuosheng's continuing disregard for YETI's rights.

56.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Zhuosheng's profits, punitive damages, costs, and reasonable attorney fees.

**Count VII:**
**Common Law Misappropriation**

57.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 56 as though fully set forth herein.

58.     Zhuosheng's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing product, in direct competition with YETI, constitute common law misappropriation.

59.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Zhuosheng has wrongfully used YETI's trade dress, and/or colorable imitations thereof in competition with YETI and gained a special advantage because Zhuosheng was not burdened with the expenses incurred by YETI.  Zhuosheng has commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing product, by creating the false and misleading impression that the infringing product is manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

60.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Zhuosheng commenced its unlawful use of YETI's trade dress in connection with the infringing product.

61.     Zhuosheng's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler

14

products.  Moreover, as a result of its misappropriation, Zhuosheng has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress with YETI and YETI's tumbler products.

62.     Zhuosheng's misappropriation of YETI's trade dress has been intentional, willful, and malicious.  Zhuosheng's bad faith is evidenced at least by the similarity of the infringing product to YETI's trade dress, as demonstrated in, for example, Illustrations 1-2 above, and by Zhuosheng's continuing disregard for YETI's rights.

63.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Zhuosheng's profits, punitive damages, costs, and reasonable attorney fees.

**Count VIII:**
**Unjust Enrichment**

64.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 63 as though fully set forth herein.

65.     Zhuosheng's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing product, in direct competition with YETI, constitute unjust enrichment, at least because Zhuosheng has wrongfully obtained benefits at YETI's expense.  Zhuosheng has also, *inter alia*, operated with an undue advantage.

66.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Zhuosheng has wrongfully used and is wrongfully using YETI's trade dress, and/or colorable imitations thereof, in competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage through such use.  Zhuosheng has not been burdened with the expenses incurred by YETI, yet Zhuosheng is obtaining the resulting benefits for its own business and products.

67.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State

of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Zhuosheng commenced its unlawful use of YETI's trade dress and colorable imitations thereof in connection with the infringing product.

68.     Zhuosheng's use of YETI's trade dress, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Zhuosheng has wrongfully obtained and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

69.     Zhuosheng's unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Zhuosheng's bad faith is evidenced at least by the similarity of the infringing product to YETI's trade dress, as demonstrated in, for example, Illustrations 1-2 above, and by Zhuosheng's continuing disregard for YETI's rights.

70.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Zhuosheng's profits.

**Demand for Jury Trial**

71.     YETI hereby demands a jury trial on all issues so triable.

**Relief Sought**

WHEREFORE, Plaintiff respectfully prays for:

1.     Judgment that Zhuosheng has (i) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (ii) infringed YETI's trade dress in violation of § 1125(a) of Title

16

15 in the United States Code; (iii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (iv) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (v) violated YETI's common law rights in YETI's trade dress; (vi) engaged in common law unfair competition; (vii) engaged in common law misappropriation; and (viii) been unjustly enriched at YETI's expense, and that all of these wrongful activities by Zhuosheng were willful;

2.     An injunction against further infringement and dilution of YETI's trade dress, further acts of unfair competition, misappropriation, and unjust enrichment by Zhuosheng, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the infringing product, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress, pursuant to at least 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.104;

3.     An Order directing Zhuosheng to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.     An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress in Zhuosheng's possession or control, (iii) all plates, molds, and other means of making the infringing product in Zhuosheng's possession, custody, or control, and (iv) all advertising materials related to the infringing product in Zhuosheng's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.     An Order directing Zhuosheng to publish a public notice providing proper attribution of YETI's trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.     An Order barring importation of the infringing product and/or colorable imitations thereof into the United States, and barring entry of the infringing product and/or colorable

imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C.
§ 1125(b);

7.     An award of Zhuosheng's profits, YETI's actual damages, enhanced damages,
exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees
pursuant to at least 15 U.S.C. §§ 1125(a), 11125(c), 1116, and 1117 and Tex. Bus. & Com. Code
§ 16.104; and

9.     Such other and further relief as this Court deems just and proper.


Dated:  April 8, 2016                              Respectfully submitted,


                                                   By: */s/ Joseph Gray*
                                                   Joseph Gray
                                                   Texas Bar No. 24045970
                                                   joseph.gray@bakerbotts.com
                                                   Baker Botts L.L.P.
                                                   98 San Jacinto Blvd., Suite 1500
                                                   Austin, Texas 78701
                                                   Telephone: (512) 322-2639
                                                   Facsimile: (512) 322-8385

                                                   Joseph J. Berghammer (*pro hac vice forthcoming*)
                                                   Illinois Bar No. 6273690
                                                   jberghammer@bannerwitcoff.com
                                                   J. Pieter van Es (*pro hac vice forthcoming*)
                                                   Illinois Bar No. 6210313
                                                   pvanes@bannerwitcoff.com
                                                   Sean J. Jungels (*pro hac vice forthcoming*)
                                                   Illinois Bar No. 6303636
                                                   sjungels@bannerwitcoff.com
                                                   Banner & Witcoff, Ltd.
                                                   Ten South Wacker Drive
                                                   Suite 3000
                                                   Chicago, IL 60606-7407
                                                   Telephone: (312) 463-5000
                                                   Facsimile: (312) 463-5001

                                                   **ATTORNEYS FOR YETI COOLERS, LLC**